SANFORD J. POSTON v. R. C. HAYS.

**Limitation, Statutes of—Absence from the State—Intention to Sue.**

This action was brought nearly 21 years after the cause accrued. The statute of limitation is relied on as a bar. The statute would have been a bar if appellant had not by some act of his prevented the running. There is some proof that some years after the maturity of the note he removed from the state and remained several years, but there is no evidence tending to show that appellee had any intention of enforcing the collection of the debt by suit before the departure of appellant from the state.

APPEAL FROM HARDIN CIRCUIT COURT.

September 27, 1871.

OPINION BY JUDGE PETERS:

This action was brought on the 19th of April, 1870, to enforce the collection of a note executed by appellant and due the 11th of May, 1849; the action was brought nearly 21 years after the cause accrued.

With other defenses the statute of limitations and the plea of payments are relied on.

On the trial of the cause the law and facts were submitted to the judge who rendered judgment for appellee.

The statute of limitations would certainly have presented a complete bar if appellant had not by some act of his prevented its running, and there is some evidence conducing to show that some years after the maturity of the note he removed from the state, and remained several years, but the precise length of time he was absent is not made out, there not being any evidence however tending to show that appellee had any intention of enforcing the collection of the alleged debt by suit before the departure of appellant from the state, or that he was in any way obstructed in bringing an action on the note if he had intended to do so; and it is left in doubt from the evidence whether appellant was not in the state the full term of fifteen years before the action was brought. But waiving the question as to whether the statutory bar was not fully made out.

Still we think the lapse of time with other facts shown by the evidence was sufficient to raise the presumption of payment, and

that the conclusion of the circuit judge was against the decided preponderance of the evidence.

Wherefore the judgment is reversed, and the cause is remanded for a new trial for further proceedings not inconsistent herewith.

*Murray, for appellant.*

*Montgomery & Slack, for appellee.*